## EBENEZER MURRAY *vs.* LEONARD B. SHEARER.

The sureties on a bond, given to dissolve an attachment, conditioned for the payment within thirty days after final judgment of such amount as the plaintiff shall recover, are not discharged, nor the obligee's right of action against them suspended, by the commitment of the defendant on execution, after breach of the condition of the bond; and if the defendant be afterwards discharged on taking the poor debtors' oath, the obligee will be entitled, in an action on the bond, to judgment and execution for the amount recovered in the action in which the attachment was made.

THIS was an action of debt on a bond dated the 20th of December, 1848, executed by the defendant, as one of the

sureties of John T. G. Pike, the principal obligor therein, in the penal sum of $300, for the purpose of dissolving an attachment of the goods of Pike, in a suit brought against him by the present plaintiff. The bond was in the usual form, conditioned for the payment to the plaintiff of such amount as he should recover, if any, in the suit upon which the attachment was made, within thirty days after the rendition of final judgment therein.

The writ bore date of the 20th, and was served on the 23d of July, 1849. At the trial, which was before *Bigelow*, J., in the court of common pleas, it appeared, that before the commencement of this suit, and after thirty days had expired from the recovery of judgment in the original suit, namely, on the 18th of July, 1849, the plaintiff took out an execution upon the same, and levied it upon the body of Pike, the judgment debtor, who was held thereon at the time of the service of the writ in the present suit; that on the said 18th of July, Pike gave notice of taking the poor debtors' oath, and gave bond for the prison limits; and that after the service of the writ in the present action, and before the trial thereof, namely, on the 14th of August, 1849, he was admitted to the poor debtors' oath, and was thereupon discharged from custody.

Upon these facts, the judge instructed the jury to find a verdict for the plaintiff, and a verdict was returned accordingly; whereupon the defendant alleged exceptions.

*I. W. Richardson*, for the defendant, referred to *Clark* v. *Goodwin*, 14 Mass. 237; *Lyman* v. *Lyman*, 11 Mass. 317; *Almy* v. *Wolcott*, 13 Mass. 73; *Bailey* v. *Jewett*, 14 Mass. 155; *Jacques* v. *Withy*, 1 T. R. 557; *Tanner* v. *Hague*, 7 T. R. 420; *Line* v. *Lowe*, 7 East, 330; *Clarke* v. *Clement* 6 T. R. 525; *Blackburn* v. *Stupart*, 2 East, 243; *Yates* v. *Van Rensselaer*, 5 Johns. 364; *Sweet* v. *Palmer*, 16 Johns. 181; *Little* v. *Newburyport Bank*, 14 Mass. 443; Rev. Sts. *c.* 98, § 25; *Sunderland* v. *Loder*, 5 Wend. 58; 2 Story on Eq. § 883; *Baker* v. *Briggs*, 8 Pick. 122.

*G. Bemis*, for the plaintiff, cited Rev. Sts. *c.* 98, §§ 16, 25; *c.* 97, § 59; *Dunning* v. *Owen*, 14 Mass. 157; *Clark* v. *Goodwin*, 14 Mass. 237; *Lyman* v. *Lyman*, 11 Mass. 317; *Bailey* v.

*Jewett*, 14 Mass. 155; *Willard* v. *Lull*, 20 Verm. 373; *Hall* v
*Hoxie*, 3 Met. 251; *Eastman* v. *Eveleth*, 4 Met. 137; *Cushing*
v. *Arnold*, 9 Met. 23; *Caldwell* v. *Rice*, 6 Met. 493; *Woods* v
*Rice*, 4 Met. 481; *Ives* v. *Sturgis*, 12 Met. 462; *Farnham* v
*Gilman*, 11 Shep. 250; *Smith* v. *Brown*, 14 N. H. 67; *Stewart*
v. *Mc Guin*, 1 Cowen, 99.

The opinion was delivered at March term, 1852.

DEWEY, J. The defendant denies the right of the plaintiff
to maintain the action, upon the ground that the plaintiff has,
by his own act, discharged the defendant from all liability on
the bond declared upon, or at least, that he has suspended all
right of action thereon, to a period posterior to the date of the
writ. The act of the plaintiff set up, as sufficient to maintain
this defence against a suit upon the bond, was the arrest of
the body of the principal in this bond, who was his judgment
debtor, and committing him to prison, where he was confined
at the time of the institution of this suit, but subsequently
discharged on taking the poor debtors' oath. This, it is con-
tended, discharges all other security the party had for the pay-
ment of this judgment. The cases cited by the counsel for
the defendant do not, however, fully meet the present case.

It may be true, as insisted by the defendant, that no action
could have been instituted upon the judgment itself against
the debtor, while he was in custody. The arrest and deten-
tion of the body are, for the time, a bar to any suit as regards
such debtor, and may perhaps also operate to prevent the re-
sorting to any other mode of enforcing the judgment against
the debtor himself. But such arrest and commitment of the
debtor on execution do not discharge legal liabilities that
have become absolute before the arrest of the debtor on the
execution. It does not necessarily follow, because the remedy
against the debtor himself is suspended, that the right to en
force a fixed liability of a third person to pay the same debt
is also suspended.

In tne present case, the liability had attached before the
arrest of the debtor. The defendant had, as one of two co-
sureties, given a penal bond to pay a certain sum, named in
the same to the plaintiff; to the bond was, however, annexed

the condition, in the usual form of a bond given to dissolve an attachment, to pay such an amount as the plaintiff should recover, within thirty days after final judgment in the suit upon which the attachment was made. This condition was not performed, and so the defendant forfeited his bond. All this took place before any act on the part of the plaintiff had occurred as to the arrest of the judgment debtor. There was already, then, a breach of the bond, and that breach entitles the plaintiff to this legal remedy therefor.

If the judgment debtor were now actually under arrest and imprisonment upon that judgment, it might present a question as to the damages to be recovered in the present case; as it might be urged that the body was, for the time being, and while thus in custody, to be deemed a satisfaction of the judgment. But however that might be, the case in its present circumstances presents no such difficulty. Although the debtor was under arrest, when this action was instituted, that arrest of the body has proved wholly unavailing; the debtor having taken the poor debtors' oath, and his body been released. The damages to be recovered by the plaintiff are therefore not to be affected by that arrest, as it has failed to produce any fruits, or to enforce the payment of any part of the execution. The whole of the claim of the plaintiff is now properly demanded. At the time of instituting this action, the plaintiff had a fixed cause of action, by the breach which had previously occurred, and before the arrest of the debtor. The damages for this breach are not to be reduced by reason of the subsequent ineffectual attempt to recover the same of the principal on the bond. The condition of the bond having been thus broken, a right of action had accrued, and the law says the obligee shall recover thereon what is due in equity and conscience. Rev. Sts. c. 100, § 9. That sum is clearly the amount of the judgment which the defendant stipulated to pay, when he gave the bond to dissolve the attachment.

*Exceptions overruled,*